UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**WISCONSIN FREEZE DRIED LLC,**
        Plaintiff,

    v.                                                        Case No. 18-C-2035

**REDLINE CHAMBERS, INC.,**
        Defendant.

---

## DECISION AND ORDER

Wisconsin Freeze Dried LLC filed a complaint in Waukesha County Circuit Court alleging breach of contract and other claims. The defendant, Redline Chambers, Inc., removed the case to this court under the diversity jurisdiction. *See* 28 U.S.C. § 1332. The pleadings allege that Wisconsin Freeze Dried's sole member is a natural person who is a citizen of Wisconsin, that Redline Chambers is incorporated under Utah law and has its principal place of business in Utah, and that the amount in controversy exceeds $75,000. Therefore, this court has subject-matter jurisdiction. However, Wisconsin Freeze Dried has moved to remand on the ground that its claims fall within the scope of a contractual forum-selection clause that requires litigation in Waukesha County Circuit Court. I consider this motion below. *See Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir. 1996) ("Enforcing a forum selection clause in a contract is a permissible basis for remand.").

### I. BACKGROUND

Wisconsin Freeze Dried produces freeze-dried animal food. In Fall 2017 it began communicating with Redline Chambers regarding the construction and delivery of custom-built freeze-drying equipment. On December 15, 2017, the parties signed a non-

disclosure agreement "to facilitate discussions and negotiations surrounding the potential contract between [the parties] and to protect the confidential and proprietary information held secret by [Wisconsin Freeze Dried]." Compl. ¶ 7. The non-disclosure agreement contained the following choice-of-law provision and forum-selection clause:

> This Agreement shall be constructed [sic] in accordance with the laws of the State of Wisconsin, without regard to its conflict of law rules. The forum shall be with the Circuit Court of Waukesha County, State of Wisconsin.

Affidavit of Chris Bessent, Ex. A. ¶ 14, ECF No. 11-3.

After the parties signed the non-disclosure agreement, Wisconsin Freeze Dried shared information with Redline Chambers about the equipment it needed. Eventually, Redline Chambers sent Wisconsin Freeze Dried a proposal. On April 24, 2018, Wisconsin Freeze Dried sent Redline Chambers a purchase order for the equipment. It made a down payment on the equipment on May 2, 2018 and a further installment payment on June 19, 2018.

Wisconsin Freeze Dried alleges that Redline Chambers represented that the equipment would be shipped for delivery in August 2018. However, on August 1, 2018, Redline Chambers told Wisconsin Freeze Dried that production was behind schedule and that delivery would be delayed until November or later. Thereafter, the parties agreed to cancel part of the order. But they could not reach agreement on what to do with certain components that Redline Chambers had already manufactured. The resulting impasse caused Wisconsin Freeze Dried to demand a refund.

On November 30, 2018, Redline Chambers commenced an action against Wisconsin Freeze Dried in the United States District Court for the District of Utah.

Redline Chambers alleged, among other things, that Wisconsin Freeze Dried breached the parties' contract by failing to pay the full purchase price for the equipment.

One week later, Wisconsin Freeze Dried commenced the present action against Redline Chambers in the Waukesha County Circuit Court. Wisconsin Freeze Dried alleges primarily that Redline Chambers breached the parties' contract by failing to deliver the promised equipment within the specified time. It also alleges claims for fraud, various forms of misrepresentation, and conversion arising out of Redline Chambers' failure to deliver the promised equipment. Finally, it alleges that Redline Chambers breached the parties' non-disclosure agreement by sending an email "blast" to all or nearly all its clients and prospective clients that included photos of the equipment Wisconsin Freeze Dried had ordered. Compl. ¶ 26. Wisconsin Freeze Dried alleges that these photos were confidential information protected by the non-disclosure agreement and that the photos are trade secrets. It alleges that Redline Chambers committed trade-secret theft by disclosing the photos to its customers.

As noted, Redline Chambers removed the Wisconsin action to this court under the diversity jurisdiction. Wisconsin Freeze Dried now moves to remand the entire case on the ground that the forum-selection clause found in the non-disclosure agreement requires litigation of all claims in the Waukesha County Circuit Court.[1]

---

[1] Before Wisconsin Freeze Dried filed its motion to remand, Redline Chambers filed a motion to dismiss and a motion to transfer this action to the District of Utah. The parties agreed that briefing on these motions would be stayed until the court decided the motion to remand. Because this order resolves the motion to remand, I will set a briefing schedule on the remaining motions at the end of this order.

3

## II. DISCUSSION

Redline Chambers does not dispute that the forum-selection clause in the non-disclosure agreement requires litigation of all claims within its scope in state rather than federal court. However, it contends that some of the claims Wisconsin Freeze Dried alleges in its complaint are not within the scope of the clause. This dispute over the meaning of the non-disclosure agreement must be resolved under Wisconsin law, which, the parties agree, applies to this question.

Under Wisconsin law, the court's goal in interpreting a contract is to give effect to the parties' intentions. *Ash Park, LLC v. Alexander & Bishop, Ltd.*, 363 Wis. 2d 699, 712 (2015). The language of the contract controls the court's interpretation. *Id.* When the terms of a contract are clear and unambiguous, the court construes the contract's language according to its literal meaning. *Id.* Contract language is construed consistently with what a reasonable person would understand the words to mean under the circumstances. *Id.* at 713.

In the present case, Wisconsin Freeze Dried contends that the forum-selection clause in the non-disclosure agreement applies to its claim for breach of the parties' contract for the sale of freeze-drying equipment and its related claims for fraud, misrepresentation, and conversion. However, the language of the clause does not support this argument. The clause states that "the forum" for something shall be with the state court in Waukesha County, but it does not specify what that something is. Still, the only reasonable interpretation is that that something is a claim involving the non-disclosure agreement or the unauthorized disclosure of confidential information. The clause appears in the non-disclosure agreement immediately after a sentence stating

4

that "[t]his Agreement" shall be construed under Wisconsin law. This implies that "[t]he forum" means the forum for claims involving that very agreement. No language in the clause suggests that it applies to claims that do not require interpretation of the agreement or that do not involve the unauthorized disclosure of confidential information. Absolutely nothing in the non-disclosure agreement suggests that the forum for a suit alleging breach of a sales contract or a suit alleging fraud, misrepresentation, or conversion arising out of the sale of equipment must be filed in Waukesha County. Thus, the forum-selection clause quite clearly does not apply to Wisconsin Freeze Dried's claims for breach of the contract for sale of the freeze-drying equipment or to its related claims for fraud, misrepresentation, and conversion.

Wisconsin Freeze Dried asserts that the non-disclosure agreement "covered all aspects of the professional relationship between" it and Redline Chambers. Br. at 2, ECF No. 11-1 at 2. However, nothing in the agreement supports this assertion. To the contrary, the agreement states that the parties entered into it "solely for the purposes of protecting each Party's Confidential Information." Non-Disclosure Agreement ¶ 13. Thus, the forum-selection clause applies only to claims requiring interpretation of the non-disclosure agreement or alleging unauthorized disclosure of confidential information.

Wisconsin Freeze Dried also argues that because the parties used confidential information while negotiating the contract for sale and because the freeze-drying equipment was itself a form of confidential information, the contract for sale of the equipment became subject to the forum-selection clause. Reply Br. at 3–8, ECF No. 22. This argument makes little sense. The fact that the parties used or created confidential

information throughout the course of their relationship does not make every claim that arose out of their dealings subject to the forum-selection clause. Again, under the plain language of the non-disclosure agreement, only claims requiring interpretation of the non-disclosure agreement or alleging unauthorized disclosure of confidential information are within the scope of the forum-selection clause. Because Wisconsin Freeze Dried's claims for breach of the sales contract, fraud, misrepresentation, and conversion do not allege that Redline Chambers improperly disclosed information protected by the non-disclosure agreement, they are not within the scope of that agreement's forum-selection clause.

Wisconsin Freeze Dried's claims for breach of the non-disclosure agreement and theft of trade secrets stand on a different footing.[2] These claims do not involve the sale of equipment but involve Redline Chambers' conduct in sending an email blast to its customers containing photos that Wisconsin Freeze Dried alleges are protected by the non-disclosure agreement. Thus, these claims allege that Redline Chambers failed to protect Wisconsin Freeze Dried's confidential information and therefore fall within the scope of the non-disclosure agreement and its forum-selection clause. Redline Chambers does not seriously dispute this point. *See* Br. in Opp. at 8 n.1, ECF No. 18.

The parties disagree over how to handle a situation in which a removed suit contains some claims that must be remanded based on a contractual forum-selection clause and some claims that do not fall within the scope of the clause. Redline

---

[2] Wisconsin Freeze Dried does not include a count in its complaint alleging breach of the non-disclosure agreement. However, the complaint alleges that Redline Chambers violated the non-disclosure agreement when it sent the email blast containing photos of its equipment to customers. Compl. ¶ 26. Thus, for purposes of this decision, I assume that Wisconsin Freeze Dried intends to pursue a claim for breach of the non-disclosure agreement in addition to its claim for theft of trade secrets.

Chambers contends that when a party combines claims that are not subject to a forum-selection clause with claims that are, the party waives its right to enforce the forum-selection clause through a motion to remand. Wisconsin Freeze Dried, on the other hand, contends that so long as at least one claim falls within the scope of the clause, the entire action must be remanded for lack of jurisdiction.

There is no merit to Wisconsin Freeze Dried's contention that a court must remand an entire action for lack of jurisdiction if just one claim falls within the scope of a forum-selection clause requiring litigation in state court. To begin with, enforcement of a forum-selection clause is not jurisdictional. *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car rental USA, Inc.*, 502 F.3d 740, 743 (7th Cir. 2007). Moreover, Wisconsin Freeze Dried's approach would allow a party to use liberal joinder rules to expand a contractual forum-selection clause to encompass any other claim that the party might have against its adversary. *See, e.g.,* Fed. R. Civ. P. 18(a). No authority of which I am aware would support such a result. The only authority cited by Wisconsin Freeze Dried is *Gibson v. City of Glendale Police Department*, 786 F. Supp. 1452 (E.D. Wis. 1992). However, that case did not involve a contractual forum-selection clause and its reasoning does not suggest that a court must remand an entire case when fewer than all claims fall within the scope of a forum-selection clause.

I also disagree with Redline Chambers' contention that a party waives its right to enforce a forum-selection clause by bringing an action that includes some claims that are within the scope of the clause and some claims that are not. Redline Chambers bases its contention on its belief that a federal court may not partially remand a diversity case. According to Redline Chambers, the court must remand either the entire case or

7

none of it. Therefore, Redline Chambers reasons, a plaintiff who chooses to join claims that are subject to a forum-selection clause with claims that are not effectively waives its right to enforce the forum-selection clause.

Redline Chambers' belief that a federal court may not partially remand a diversity case to enforce a forum-selection clause is based on a district-court decision from Louisiana stating that when jurisdiction is based on diversity of citizenship, partial remands to enforce forum-selection clauses are not allowed. *See Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Management of Louisiana*, No. 09-6270, 2010 WL 1731204, at *3 (E.D. La. April 28, 2010). This case relies primarily on the reasoning of a district-court case from Iowa, *RK Dixon Co. v. Dealer Marketing Services, Inc.*, 284 F. Supp. 2d 1204 (S.D. Iowa 2003), which in turn relies on district-court cases interpreting the federal removal statutes, specifically 28 U.S.C. §§ 1441 and 1447. *See id.* at 1212–13 (citing *Bristol-Myers Squibb Co. v. Safety Nat'l Cas. Corp.*, 43 F.Supp.2d 734, 743–44 (E.D. Tex. 1999) and *Riverside Transp., Inc. v. Bellsouth Telecomms, Inc.*, 847 F. Supp. 453, 457 (M.D. La. 1994)). The latter cases, however, did not involve forum-selection clauses, and neither *RK Dixon* nor *Jefferson Parish* explains why the reasoning of those cases forbids a partial remand based on a forum-selection clause.

Moreover, *Jefferson Parish* and *RK Dixon* seem to be based on the premise that a remand to enforce a forum-selection clause is no different than a remand for lack of subject-matter jurisdiction or a defect in the removal procedure—that is, is no different than a remand under 28 U.S.C. § 1447. But a motion to remand based on a forum-selection clause is not a remand under § 1447. *See Rothner v. City of Chicago*, 879 F.2d 1402, 1416–17 (7th Cir. 1989); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249,

1253 (11th Cir. 1999). Instead, it is a remand under a judge-made rule that allows a federal court to implement substantive contract law. *Rothner*, 879 F.2d at 1416–17. As the Eleventh Circuit put it, "[a] remand based on a forum selection clause depends on a determination of the meaning of the clause, a determination that is external to the removal process." *Snapper*, 171 F.3d at 1253. Thus, any limit on partially remanding a case under § 1447 would not necessarily apply to partially remanding a case to enforce a forum-selection clause. Although *Jefferson Parish* and *RK Dixon* import a limit under § 1447 into the forum-selection-clause context, they do not identify any sound basis for doing so, and I can think of none. *See also Giving Back Fund Inc. v. Miami Mktg. Grp. LLC*, No. CV 10-9705, 2011 WL 13218024, at *7 (C.D. Cal. Jan. 24, 2011) (remanding cases covered by forum-selection clause but retaining claims that were not subject to the clause). Therefore, I will not follow *Jefferson Parish* or *RK Dixon*.

Because I can discern no rule forbidding a federal court from remanding claims that are subject to a forum-selection clause and retaining other claims that are not subject to such a clause, I will remand Wisconsin Freeze Dried's claims for breach of the non-disclosure agreement and theft of trade secrets but retain its claims involving the sale of freeze-drying equipment.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Wisconsin Freeze Dried's motion to remand is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that its claims for breach of the non-disclosure agreement and theft of trade secrets (Count VII of the Complaint) are **REMANDED** to the Waukesha County Circuit

9

Court. In all other respects, the motion is denied; Counts I to VI of the Complaint are not remanded.

**IT IS FURTHER ORDERED** that Wisconsin Freeze Dried's responses to Redline Chambers' motions to dismiss or transfer (ECF Nos. 3 & 4) are due within 21 days of the date of this order. Because I have remanded the claims for breach of the non-disclosure agreement and theft of trade secrets, Wisconsin Freeze Dried does not have to respond to Redline Chambers' argument for dismissal of the theft-of-trade-secrets claim in this court. Redline Chambers shall have until 14 days after service of Wisconsin Freeze Dried's response to file a reply.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2019.

     s/Lynn Adelman
     LYNN ADELMAN
     District Judge